EDWARD GEORGE HAYNES V. STATE

No. 34,524.    May 23, 1962
Motion for Rehearing Overruled June 27, 1962

*Murray J. Howze,* Monahans, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder without malice; the punishment, three years.

The appellant challenges the sufficiency of the evidence to support the conviction on the ground that there is no evidence that he had the intent to kill the injured party.

The injured party, Willie Anderson, testified that appellant's step-mother called to him from across the street to come and take her husband to the hospital. When he got inside the trailer house, the appellant had a butcher knife in his hand and was trying to stab his father, whom he had down on the bed, and his father's hand was bleeding. The injured party grabbed the appellant and pulled him out of the trailer. He then told the appellant, who still had the knife in his hand, that he ought to be ashamed of jumping on his father; that as he turned to walk away the appellant cut him with the butcher knife, and he held his stomach with his hands as he walked a short distance for help and then was taken to a hospital.

Mrs. Anderson, the wife of the injured party, testified that after her husband took the appellant from the trailer house the appellant cut Anderson as he turned to walk away, and then appellant ran from the scene.

Officer Chumley testified that when he arrived at the scene the appellant handed him a butcher knife and said to him, "I've gone and messed up. * * * I think I've stabbed a man," and Chumley identified the knife introduced in evidence as the one the appellant gave to him.

In appellant's written statement made to Sheriff Cumbie,

which was introduced in evidence, the appellant stated that "as he turned around I cut at him with the butcher knife".

The testimony of a physician who examined the injured party at the hospital shows that he suffered an incision two inches long and through the abdominal wall which cut the colon and caused a small length of the intestine to protrude; that the wound was serious, and two surgical operations were performed; that he remained in the hospital for one month and three days, and was under medical treatment about ten weeks; and that the knife exhibited to him at the trial was capable of causing death.

Testifying in his own behalf, the appellant stated that he and his wife had an argument and scuffle in the trailer house; and that she was using a beer bottle and he grabbed the knife to keep her from getting it; then his father intervened, but that he did not try to stab his father or have him down at anytime. He denied that the injured party ever came into the trailer house, that he had had trouble with Anderson the previous day, and that Anderson had threatened to whip him. After appellant had walked out of the trailer house, Anderson came and he told Anderson to leave him alone; then Anderson said wait until he returned, and not knowing what Anderson was going to do he tapped him on the shoulder and talked to him, and Anderson grabbed his stomach and he ran; that "I guess I" cut him as he was scared of Anderson, and that he told the officer "I think I have cut a man."

The testimony of appellant's wife, his father and stepmother, and another witness corroborated the testimony of the appellant.

The evidence is sufficient to support the conviction of the appellant as charged.

The other contentions presented have been considered, and they do not show error.

The judgment is affirmed.

Opinion approved by the Court.